SPENCE, administrator, *v.* MATHIS.

LUMPKIN, J. 1. Dower may be assigned in lands held under bond for title, or other instrument in writing having like effect, where a portion of the purchase-money has been paid; but the estate in dower shall be liable for the unpaid purchase-money. Civil Code (1910), § 5248.

2. M. bought a tract of land from A., and took a bond for title. A. held under a bond for title from B., who held a bond for title from C. M. paid a portion of the purchase-money to his vendor, A., paying some of it to C. by direction of A. When the debt for the purchase-money to C., the original vendor, matured, an arrangement was entered into by the parties, by which M., A., and B., surrendered their bonds, and C. conveyed the land to a firm, who advanced the money to pay the balance of the purchase-money due to C. The consideration expressed in this deed was $500. M. gave to the firm five notes for $80 each, and one note for $100. The last-mentioned note was secured by a mortgage on cotton. The firm made to M. a bond to make title upon the payment of the five notes of $80 each. M. paid the $100 note to the firm. Later the firm transferred the remaining notes to a bank, and executed to it a deed to secure them, reciting the bond to M., and subject to it. M. paid to the bank $37.50 as interest on the notes, and afterward died. *Held,* that this was a case falling within the Civil Code (1910), § 5248; and the widow of M. was entitled to dower in the land, though subject to the payment of the debt due the bank.

3. Where, under such circumstances, the widow applied for dower, and a caveat was filed by the administrator of the decedent, and during the pendency of the case the administrator sold the lands of the estate, other than that in which the commissioners had assigned dower, and paid the debt due to the bank, this did not destroy the right of the widow to dower.

4. The ruling here made in no way conflicts with that in *Harris* v. *Powers*, 129 *Ga.* 74, 84 (58 S. E. 1038).

(a) No question was raised as to whether the widow should repay any part of the amount of purchase-money paid to the bank.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
FEBRUARY 13, 1912.

Application for dower. Before Judge Morris. Forsyth superior court. September 2, 1910.

*H. L. Patterson,* for plaintiff in error.

*J. P. Brooke,* contra.